MATERN LAW GROUP
MATTHEW J. MATERN (SBN 159798)
  mmatern@maternlawgroup.com
AUBRY WAND (SBN 281207)
  awand@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND UNUTOA, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>INTERSTATE HOTELS & RESORTS, INC., a corporation; INTERSTATE HOTELS, LLC, a limited liability company; TODAY'S IV, INC., a California corporation; PETER ZEN, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 2:14−cv−09809−SVW−PJW<br><br>**CLASS ACTION**<br><br>[Assigned to the Honorable Steven v. Wilson, Courtroom 6]<br><br>**PLAINTIFF RAYMOND UNUTOA'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>**Date: March 2, 2015**<br>**Time: 1:30 p.m.**<br>**Ctrm: 6**<br><br>**On removal from California Superior Court for the County of Los Angeles, Case No. BC563943**<br><br>**Date of Removal: December 23, 2014**<br>**Complaint filed: November 14, 204** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on March 2, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court located at 312 N. Spring St., Los Angeles, California 90012, Plaintiff Raymond Unutoa ("Plaintiff") will move this Court to remand this matter to state court pursuant to 28 U.S.C. §§ 1446, 1447 on the grounds Defendants Interstate Hotels & Resorts, Inc., Interstate Hotels, LLC, Today's IV, Inc., and Peter Zen ("Defendants") have failed to properly remove this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) and/or the Class Action Fairness Act ("CAFA" herein), and because the local controversy exception to the CAFA applies.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 7, 2015. (Declaration of Matthew Matern ¶ 6 [hereinafter "Matern Decl."]).

DATED: January 22, 2015                Respectfully submitted,

                                       MATERN LAW GROUP


                                       By:___/s/ Mathew J. Matern_____
                                           Matthew J. Matern
                                           Aubry Wand
                                           Attorneys for Plaintiff

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.     INTRODUCTION**

By and through this Motion Plaintiff Raymond Unutoa (hereinafter "Plaintiff") seeks an order remanding this action to California state court.  Plaintiff now moves for remand back to State Court on the grounds that Defendants' notice fails to show removal is proper, Defendant Interstate Hotels & Resorts' principal place of business appears to be in the state of California, the amount in controversy is uncertain, and Plaintiff's action falls under the "local controversy" exception to CAFA.  Indeed, this action involves a California Plaintiff who seeks to represent a class of only California employees enforcing California wage and hour laws against several Defendants who are also California residents.[1]

## **II.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a former hourly non-exempt employee of Defendants in the State of California.  (Mills Decl. ¶ 7).  On November 14, 2014, Plaintiff filed a class action lawsuit seeking unpaid wages, interest, and penalties thereon for twelve (12) causes of action for wage and hour violations, including penalties under the Private Attorney General Act ("PAGA") brought on behalf of Plaintiff and all others similarly situated.  (Matern Decl. ¶ 3).

On December 23, 2014, Defendants removed this action from the Los Angeles County Superior Court to the United States District Court for the Central District of California on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(b), 1441, 1446 and 1453.  (Defendants' Notice of Removal ("Removal" herein)).

---

[1] Interstate Hotels and Resorts, Inc. and Interstate Hotels, LLC are the only Defendants who contend they are not California citizens.  Even these Defendants, however, conduct substantial business in California, as they operate more than 70 hotels throughout the state.

## III.   LEGAL STANDARD

There is a "strong presumption" against removal to federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party has the burden of establishing that removal is proper, and the court must resolve all ambiguity in favor of remand. (*Id.*). The preponderance of evidence standard applies because removal jurisdiction ousts state court jurisdiction and "must be rejected if there is any doubt as to the right of removal in the first instance." (*Id.*). For these reasons, the court must "strictly construe the removal statute against removal jurisdiction." (*Id.*). This rule exists not only because of the limited jurisdiction of federal courts, but also because of a plaintiff's right to select the forum and "'to prosecute his own suit in his own way to a final determination.'" *Lewis v. Time Inc.*, 83 F.R.D. 455, 458 (E.D. Cal. 1979) (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)). Accordingly, a motion to remand shall be granted if there is "any doubt as to the right of removal." *Gaus*, 980 F.2d at 566. Defendants must show by a preponderance of the evidence that removal is proper based on CAFA's statutory requirements.

A court, however, "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007). Therefore, a defendant must set forth facts supporting its assertions that it has met the statutory requirements for jurisdiction. *Gaus*, 980 F.2d at 567. In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant … at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted). The requirement of "summary-judgment-type" declarations is noteworthy as such declarations are insufficient when they are "conclusory." *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); *see also Head v. Glacier Nw. Inc.*, 413

F.3d 1053, 1059 (9th Cir. 2005) (discussing the "longstanding precedent that conclusory declarations are insufficient" in the summary judgment context).

## IV.   DEFENDANTS FAIL TO PROVE THE CAFA REQUIREMENTS BY A PREPONDERANCE OF THE EVIDENCE

The burden rests on the removing parties to prove each of the necessary jurisdictional elements under CAFA by a preponderance of the evidence. This standard includes a necessity for supportive facts in the form of summary-judgment-type declarations when the face of the complaint is silent to a necessary element. Ambiguity is resolved in favor of Plaintiff. Here, Defendants failed to provide unambiguous evidence in their use of the Declaration of Yvonne Mills ("Mills Declaration"). As Plaintiff objects to the Mills Declaration on several evidentiary grounds and requests that the Court strike most portions of the Declaration, no proper evidence is proffered by Defendants to support removal under CAFA. (See Plaintiff's Objections to and Request to Strike the Declaration of Yvonne Mills).

### A.   Defendants Fail to Prove the Size of the Proposed Class under CAFA

Under CAFA, Defendants must prove by a preponderance of the evidence that the proposed class contains more than one hundred members. Defendants claim that the proposed class contains well over the necessary one hundred members because "from November 14, 2010 through the present, Interstate Hotels, Inc. employed approximately 1,289 Bonaventure putative class members." (*See* Removal at 10). The only evidence in support is a conclusory statement from Mills that "1,289 individuals worked for Interstate at the Bonaventure as non-exempt employees between November 14, 2010 and December 10, 2014." (Mills Decl. ¶ 3). Mills ostensibly reaches this conclusion based on "a report" that may be a reference to Interstate's "Personnel database." (Mills Decl. ¶¶ 2-3). Critically, the report that Mills references is not produced, identified, or explained with any statement as to how such calculations were formulated. Further, Mills does not state

that she created the report, requested that the report be created under specific criteria, or even that she was involved in any way with creation of the report.  Thus, Mills lacks personal knowledge and is not competent to testify as to the number of prospective class members involved in this action.

### B.    Defendants Fail to Prove Minimum Diversity under CAFA

Defendants' burden to show jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.  *See Matheson,* 319 F.3d at 1090-1091; *see also Haskell v. State Farm Mut. Auto. Ins. Co.,* 187 F. Supp. 2d 1241 (D. Haw. 2002).  More so, diversity is determined at the time a complaint is filed.  *See China Basin Properties, Ltd. v. One Pass, Inc.,* 812 F. Supp. 1038, 1039 (N.D. Cal. 1993).  Given that Defendants' Notice failed to offer any relevant facts or evidence as to Defendants' corporate citizenships, Defendants have not and cannot now show that the diversity requirement is met.

Moreover, 28 U.S.C. §1332(c)(1) states that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court in *Hertz v. Friend,* 130 S. Ct. 1181, 1192 (2010), concluded that a corporation's principal place of business is its "nerve center."  In order to be considered the principal place of business, the headquarters must be the "actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." (*Id.*).

Defendants have failed to submit competent evidence that Virginia is the nerve center of Interstate Hotels & Resorts, Inc.  Declarant Erica Hageman makes the conclusory statement that Interstate Hotels & Resorts, Inc.'s corporate officers "work out of the Virginia Headquarters, and its corporate activities are directed, controlled, and coordinated from there."  There is no foundation for this statement.

Further, even if true, the allegations are insufficient under *Hertz* to establish Virginia is the nerve center of Interstate. Similarly, Hageman states, "The majority of Interstate Hotels & Resorts, Inc.'s executive and administrative functions . . . have been performed in its corporate headquarters, and the majority of its corporate books and records are located at its corporate headquarters." (Hageman Decl. ¶ 3). Assuming once again that this reference also applies to Interstate Hotels, LLC – whose citizenship has not been provided by Defendants – such a declaration is no more than a recitation of the *Hertz* factors.

Further, aspects of the Mills Declaration actually support remand. Mills, a California resident, is a high level payroll supervisor who has access to Interstate's statewide personnel system. (Mills Decl. ¶¶ 2 - 5). Interstate operates more than 70 hotels in California. (Mills Decl. ¶ 4). According to its website, Florida is the state with the second highest concentration of Interstate hotels (26 hotels), which is just slightly more than one third the number of hotels operated by Interstate in California. Interstate only operates six hotels in Virginia according to its website. (Matern Decl. ¶ 7). Thus, if Defendants' "nerve center," where their "primary, executive, administrative, financial, policymaking, and management functions are performed," is located in Virginia, it seems peculiar that so many of Interstate's locations are within California and that California supervisors have access to its corporate databases. Based on the evidence submitted, Interstate's corporate citizenship in Delaware and Virginia is at best ambiguous. The Court must construe any ambiguity in Plaintiff's favor in ruling on this motion.

**C.    Defendants Fail to Prove the Amount in Controversy Exceeds Five Million Dollars**

Defendants "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Khelgatian v. Comerica Bank,* No. CV 11-07689 at p. 22 (C.D. Cal. January 13, 2012) (citing to *Keller v. Gaspari Nutrition Inc.,* 2011 WL

1  837797, *2 (C.D. Cal. Mar. 2, 2011), *see also Behrazfar v. Unisys Corp.*, 687
2  F.Supp2d 999, 1002 (C.D. Cal. 2009) ("Defendant's calculations were relatively
3  conservative, made in good faith, and based on evidence wherever possible …
4  [showing] a preponderance of the evidence that the amount in controversy exceeds
5  $5,000,000.").

6      Here, Defendants have failed to meet this burden.  For instance, in analyzing
7  damages for Plaintiff's claim for waiting time penalties, Defendants improperly
8  assume the average shift length is 8 hours.  (Removal at 12).  But Defendants have
9  submitted no evidence to support this assumption.  Similarly, in Defendants'
10 damages analysis based on Plaintiff's rest break claim, Defendants state they use a
11 "conservative estimate of only one hour of rest period premium pay per week."
12 (Removal at 16).  However, there is no simply no evidence in the record, nor is there
13 any allegation in the pleadings, that justifies this assumption – regardless of whether
14 Defendant characterizes it as being "conservative."  It is clear Defendants' analysis
15 of the amount in controversy is based upon unreliable assumptions.  Defendants
16 may not "pile inference on inference or assumption on assumption" to meet their
17 burden of proof.  (*Id*.).

18 **V.   THE LOCAL CONTOVERSY EXCEPTION MANDATES REMAND**

19     Even if the Court is convinced Defendants have met their burden, remand is
20 still required under the local controversy exception to the CAFA.  *See* 28 U.S.C. §
21 1332(d)(4)(A).  The CAFA mandatory abstention provisions are "designed to draw a
22 delicate balance between making a federal forum available to genuinely national
23 litigation and allowing the state courts to retain cases when the controversy is
24 strongly linked to that state."  *Hart v.FedEx Ground Package Sys., Inc.*, 457 F.3d
25 675, 682 (7th Cir. 2006).  Here, Plaintiff seeks to represent a class of only California
26 residents, enforcing California laws, against several California employers.  Thus, the
27 current action is truly localized and the purpose of CAFA is not served here.

28

PLAINTIFF'S NOTICE OF MOTIO N AND
MOTION FOR REMAND TO STATE COURT

This action is not one that is "genuinely national litigation" that necessitates a federal forum. Plaintiff filed the instant action against Defendants in the Superior Court of California for the County of Los Angeles precisely because the controversy is "truly localized" as the events at the heart of Plaintiff's allegations transpired within the State of California under California law. Here, the pertinent exception is the local controversy exception.

Section 1332(d)(4)(A) (the "local controversy" exception) states in pertinent part that:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
> (A)(i) over a class action in which—
> (I) greater than two-thirds of the members … are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> (aa) from whom significant relief is sought …
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State…; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed…

The Court should remand this action under the local controversy exception to the CAFA because: (1) more than two-thirds of the class members are citizens of California; (2) Today's IV, Inc. and Peter Zen are citizens of California; (3) the complaint seeks significant relief from Today's IV, Inc. and Peter Zen, whose wage and violations form a significant basis for the proposed class members' claims; (4) the wage and hour violations occurred in California; and (5) no other class action has been filed within the past 3 years asserting similar factual allegations.

**A.     Two-Thirds of the Proposed Class Are Citizens of California**

One of the requirements under CAFA's local controversy exception is that two-thirds or more of the members of all proposed plaintiff classes are citizens of

the State in which the action was originally filed.  28 U.S.C. § 1332(d)(4)(A).  Here, Plaintiff and all of the prospective class members are residents of California. Even Defendants concede this action involves only California residents.  Thus, this requirement under CAFA's local controversy exception is satisfied.

## B.   Defendants Today's IV, Inc. and Peter Zen are Citizens of California

Plaintiff claims that Defendant Today's IV, Inc. "is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of California" and that Today's IV, Inc. "is authorized to conduct business in the State of California, and does conduct business in the State of California."  (Plaintiff's Complaint, ¶8; Defendants' Removal, Exhibit A). Today's IV, Inc. is an active California corporation that does business as the Westin Bonaventure. (Matern Decl. ¶ 4; Exhibit A [printout from California Secretary of State]).  Accordingly, Today's IV, Inc. is a citizen of California pursuant to 28 U.S.C. §1332(c)(1), which provides in relevant part that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Similarly, Defendant Peter Zen, whom Plaintiff alleges is the sole owner and alter-ego of Today's IV, Inc., and who is jointly responsible for the alleged wage and hour violations, is both domiciled and working within California.

## C.   Defendants Today's IV, Inc.'s and Peter Zen's Conduct Forms a Significant Basis of Class Members' Claims.

Plaintiff alleges wage and hour violations under the California Labor Code. The California Labor Code does not define "employer" (except in connection with tips and gratuities). Therefore, "employer" is given its common law meaning which includes the person with the right to control the manner and means by which the employee accomplishes the work. *See S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations,* 48 Cal. 3d 341, 349, 354 (1989) (indicating that among other factors right to control manner and means by which an employee accomplishes work

shows employer-employee relationship).  Plaintiff alleges that Today's IV, Inc. and Peter Zen directed and controlled the wages, hours, and working conditions of him and prospective California class members and are therefore employers of Plaintiff and prospective class members working at the Westin Bonaventure.  (Matern Decl. ¶ 5; Exhibit B [Plaintiff's paystub specifying the Westin as Plaintiff's Employer]).

Defendants' own analysis of the amount in controversy is telling on this issue. Defendants admit that the putative class members located at the Westin Bonaventure location number approximately 1,289. (Mills Declaration ¶ 3). Similarly, these same putative class members make up the entire pool of employees from which Defendants base their calculations in their removal papers. The foundation of Defendants' entire calculus is based upon conduct that occurred at the Westin Bonaventure and for which Today's IV, Inc. and Peter Zen are jointly liable with Interstate.

Defendants may counter that Today's IV, Inc. and Peter Zen (California residents) are only liable for employees of the Westin Bonaventure, while the class as defined by Plaintiff includes employees of approximately 70 other California hotels.  This argument does not hold water because Plaintiff is informed and believes that Interstate is involved in contractual management agreements – where both parties to the contract retain joint control over the hotel employees – with other California residents and corporations, as is the case with Interstate and Today's IV, Inc. and Peter Zen.  Thus, in actuality, Plaintiff alleges this putative class action involves California wage and hour claims against a series of California business entities all of whom are jointly liable with Interstate.[2]  At the end of the day, the majority of the relief Plaintiff seeks is against Today's IV, Inc., Peter Zen, and other California citizens.

---

[2] Plaintiff intends to conduct discovery as to the all of other California entities that are in management agreements pertaining to the wages, hours, and working conditions of California hotel employees with Interstate.

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR REMAND TO STATE COURT

### D.    The Principal Injuries Occurred In California

The pending action is a class action seeking damages on behalf of Defendants' non-exempt employees for violations that occurred in California. Therefore, "principal injuries resulting from the alleged conduct" of Today's IV, Inc. and Peter Zen were incurred in California – the state in which this action was originally filed.

### E.    No Other Class Action for Similar Claims Has Been Filed Against Defendants

Plaintiff is informed and believes there are no other current class action lawsuits alleging wage and hour violations against Defendants and thus this element is satisfied. (*See* Defendants' Notice of Related Case).

## VI.   DEFENDANTS WILL NOT BE BURDENED BY LITIGATING THIS ACTION IN CALIFORNIA STATE COURT

The burden on a defendant from defending in a foreign court which may stigmatize that defendant is not present here. Given Defendants' significant presence in the State of California, Defendants will not suffer the stigma that an outsider might by having the case heard in California state court. Defendants' operation of many branches throughout California cements a strong corporate presence within the state.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this case to state court.

DATED: January 22, 2015             Respectfully submitted,


                                    MATERN LAW GROUP


                         By:___/s/ Mathew J. Matern_____
                                    Matthew J. Matern
                                    Aubry Wand
                                    Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTIO N AND
MOTION FOR REMAND TO STATE COURT