MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel:   +1.949.399.7000
Fax:  +1.949.399.7001
cgonell@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Jason S. Mills, Bar No. 225126
Kathryn T. McGuigan, Bar No. 232112
Rebecca Licht Jensen, Bar No. 267752
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendants
INTERSTATE HOTELS & RESORTS, INC.,
INTERSTATE HOTELS, LLC, TODAY'S IV,
INC., and PETER ZEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND UNUTOA, an individual, on behalf of himself, and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>INTERSTATE HOTELS & RESORTS, INC., a corporation; INTERSTATE HOTELS, LLC, a limited liability company; TODAY'S IV, INC., a California corporation; PETER ZEN, an individual; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 2:14-cv-09809-SVW-PJWx<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:         March 2, 2015<br>Time:        1:30 p.m.<br>Courtroom: 6 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF OPPOSITION............................1

II.   SUMMARY OF RELEVANT FACTS ........................................................2

    A.    The Parties..........................................................................................2

    B.    The Complaint.....................................................................................3

    C.    The Notice of Removal .......................................................................3

III.  LEGAL ARGUMENT ..............................................................................4

    A.    There Is No Presumption Against Removal Under CAFA .................4

    B.    The Court Has Original Subject Matter Jurisdiction Under
        CAFA ...................................................................................................6

        1.    Diversity Of Citizenship Exists Between Plaintiff And At
            Least One Defendant .................................................................6

        2.    The Number Of Proposed Class Members Is 100 Or
            Greater ......................................................................................7

        3.    Defendants Have Made A Plausible Allegation That The
            Amount In Controversy Exceeds $5,000,000............................9

    C.    Plaintiff Has Not Established The Local Controversy Exception ......11

        1.    Plaintiff Fails to Establish that At Least Two-thirds of the
            Putative Class Members are Citizens of California.................12

        2.    Plaintiff  Does Not Seek "Significant Relief" From
            Today's IV, Inc. or Peter Zen ...................................................13

        3.    The Conduct of Today's IV, Inc. or Peter Zen Does Not
            Constitute a "Significant Basis" for the Claims in This
            Action.......................................................................................14

IV.   CONCLUSION .......................................................................................17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

# TABLE OF AUTHORITIES

## CASES

*Abbott v. United Venture Capital, Inc.*,
    718 F. Supp. 823 (D. Nev. 1988)........................................................12

*Abrego Abrego v. The Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006) ............................................................6

*Baker v. GE Retail Sales Fin. Inc.*,
    No. C 10-5261, 2011 WL 9352058 (N.D. Cal. Sept. 30, 2011)............12

*Behrazfar v. Unisys Corp.*,
    687 F. Supp. 2d 999 (C.D. Cal. 2009) ...............................................11

*Coleman v. Estes Express Lines, Inc.* (*Coleman II*),
    631 F.3d 1010 (9th Cir. 2011) ....................................................13, 14

*Coleman v. Estes Express Lines, Inc.* (*Coleman I*),
    627 F.3d 1096 (9th Cir. 2010) ..........................................11, 13, 15

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014)..............................................................passim

*Evans v. Walter Indus., Inc.*,
    449 F.3d 1159 (11th Cir. 2006) .........................................................11

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) .............................................................4

*Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010).......................................................................7

*Ibarra v. Manheim Invs., Inc.*,
    No. 14-56779, __ F.3d __, 2015 WL 321659 (9th Cir. Jan. 8, 2015)...............4, 9

*Irish v. BNSF Ry. Co.*,
    No. 08-CV-469, 2009 WL 276519 (W.D. Wis. Feb. 4, 2009)............15

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...........................................................12

*Kaufman v. Allstate New Jersey Ins. Co.*,
    561 F.3d 144 (3d Cir. 2009) .............................................................15

*Kearns v. Ford Motor Co.*,
    No. CV 05-5644, 2005 WL 3967998 (C.D. Cal. Nov. 21, 2005) ......13, 15, 16, 17

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) ...........................................................6

*Oda v. Gucci America, Inc.*,
    2:14-cv-7468, 2015 U.S. Dist. LEXIS 1672 (C.D. Cal. Jan. 7, 2015) ................10

*Roa v. TS Staffing Services, Inc.*,
No. 2:14-cv-08424, 2015 U.S. Dist. LEXIS 7442
(C.D. Cal., Jan. 22, 2015) ....................................................................... 4, 5

*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) ................. 11

*Waters v. Advent Prod. Dev., Inc.*,
No. 07CV2089, 2008 WL 7683231 (S.D. Cal. June 26, 2008)........................... 13

*Yocupicio v. PAE Group, LLC*,
14-CV-8958, 2014 WL 7405445 (C.D. Cal. Dec. 29, 2014) ................................ 4

**STATUTES**

Class Action Fairness Act of 2005 ("CAFA"), Pub. L No. 109-2 (enacted
Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715 ......passim

28 U.S.C. § 1332(d)(2)(A)........................................................................... 6

28 U.S.C. § 1332(d)(4)(A)................................................................ 11, 12, 13, 14

**OTHER AUTHORITIES**

119 Stat. 5; S. Rep. No. 109-14 (2005);
U.S.Code Cong. and Admin. News 3, 40.................................................... 4

Defendants Interstate Hotels & Resorts, Inc, Interstate Hotels, LLC, Today's IV, Inc. and Peter Zen (collectively, "Defendants") hereby submit the following Opposition to Plaintiff Raymond Unutoa's ("Plaintiff") Motion to Remand.

## I.   INTRODUCTION AND SUMMARY OF OPPOSITION

Plaintiff seeks to remand this case back to state court arguing that: (1) Defendants failed to establish that removal is proper under the Class Action Fairness Act ("CAFA") and (2) CAFA's "local controversy" exception applies. Plaintiff is wrong on both counts.

Plaintiff here argues that Defendants must present "supportive facts in the form of summary-judgment-type declarations when the face of the complaint is silent to a necessary element [for establishing CAFA]."  Mtn. 3:6-8.  First, Plaintiff's argument is contrary to controlling Supreme Court precedent.  In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court explained that a notice of removal need only include "a short and plain statement of the grounds for removal."  Defendants' Notice of Removal more than satisfies this basic pleading requirement.  Moreover, in establishing CAFA jurisdiction on its removal petition, Defendants submitted two declarations providing information concerning Defendant's citizenship and the amount in controversy, even though this evidence is not required under *Dart.*  Defendants more than established that removal is proper.

Plaintiff then improperly attempts to invoke the local controversy exception to CAFA to attempt to secure remand of the action.  Plaintiff has the burden of establishing the application of the local controversy exception, and must prove: (1) that more than two-thirds of all putative class members are citizens of California; (2) that at least one defendant is a citizen of California from whom significant relief is sought <u>and</u> whose alleged conduct forms a significant basis for the claims asserted by the proposed class; (3) the principal injuries resulting from the alleged conduct occurred in California; and (4) during the three-year period

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

preceding the filing of this action no other class action has been filed against any of the named defendants asserting the same or similar factual allegations.  28 U.S.C. § 1332(d)(4)(A).  Plaintiff cannot establish that he is seeking "significant relief" from Today's IV, Inc. ("Today's IV") or Peter Zen ("Zen"), or that their conduct forms a "significant basis" for his claims.  In fact, Plaintiff is seeking to represent employees of over seventy Interstate-managed hotel locations, and he alleges that Today's IV and Zen only have any connection whatsoever, however nominal, to one of those seventy properties, hardly a significant aspect of his claims. Additionally, not only is Plaintiff apparently planning to identify, and name in this lawsuit, hosts of other individuals and entities who are somehow affiliated with the other more than sixty-nine properties, but he has indicated that he will consider dismissing Today's IV and Zen – but not until the Court rules on this remand motion.   If Plaintiff was seeking significant relief from these Defendants, or believed that their conduct formed a significant basis for the claims, certainly he would not consider dismissing them as parties, nor would he need to add names of other parties to pursue his claims.

Because Defendants properly established a basis for CAFA jurisdiction, and the local controversy exception does not apply, subject matter jurisdiction exists pursuant to CAFA.  Accordingly, this Court should deny Plaintiff's Motion to Remand.

## II.  SUMMARY OF RELEVANT FACTS

### A.  The Parties

Defendant Interstate Hotels & Resorts, Inc. is a citizen of Virginia, and through its subsidiaries, operates more than seventy hotels in California.  Dkt. 1-3, Hageman Decl. ¶ 4.  Interstate Hotels, LLC, also a Virginia entity, is one of those subsidiaries, and is the entity which operates the Bonaventure, where Plaintiff has

worked.  *Id.*; Dkt. No. 1-4, Mills Decl., ¶ 7.[1]  Plaintiff also names as defendants Today's IV, Inc. and Peter Zen.

Plaintiff, a California resident, has been employed by Interstate as a security guard at the Westin Bonaventure Hotel & Suites ("Bonaventure") since approximately October 7, 2010.  Compl., ¶ 3; Dkt. No 1-4, ¶ 7.  Plaintiff seeks to represent a class of "all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action, and ending at the time this action settles or proceeds to final judgment. . . ."  *Id.* at ¶ 5.

**B.    The Complaint**

On November 14, 2014, Plaintiff filed his Complaint in Los Angeles County Superior Court, alleging California Labor Code violations against Defendants.  He purports to bring and maintain this action as a class and representative action. Plaintiff served Defendant Today's IV, Inc. with the Complaint and Summons on November 24, 2014, and served Defendants Interstate Hotels & Resorts, Inc. and Interstate Hotels, LLC on December 1, 2014.  Zen has not been served with a Summons or Complaint.

**C.    The Notice of Removal**

On December 23, 2014, Defendants timely filed a Notice of Removal to this Court, pursuant to CAFA.  Defendants' Notice of Removal establishes the requirements for removal under CAFA were satisfied because:  (1) diversity of citizenship exists between Plaintiff and at least one Defendant; (2) the number of members of the alleged class is at least 100; and (3) the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs.

---

[1] For purposes of this Opposition, Defendants Interstate Hotels & Resorts, Inc. and Interstate Hotels, LLC are referenced collectively as "Interstate."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

1   **III.   LEGAL ARGUMENT**

2        **A.        There Is No Presumption Against Removal Under CAFA**

3        Defendants removed this case pursuant to CAFA.  In advocating for remand,

4   Plaintiff argues that "[t]here is a strong presumption against removal jurisdiction."

5   Mtn. 2:1-2.  Plaintiff's argument is directly contrary to the unambiguous Supreme

6   Court precedent in *Dart Cherokee Basin Operations Co., LLC, v. Owens*, 135 S. Ct.

7   547 (2014) ("*Dart*"), where the Supreme Court held that "no antiremoval

8   presumption attends cases invoking CAFA, which Congress enacted to facilitate

9   adjudication of certain class actions in federal court."  *Id.* at 554; *see also* 119 Stat.

10  5; S. Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly,

11  with a strong preference that interstate class actions should be heard in a federal

12  court if properly removed by any defendant"); *Ibarra v. Manheim Invs., Inc.*, No.

13  14-56779, __ F.3d __, 2015 WL 321659, slip op. at *2 (9th Cir. Jan. 8, 2015)

14  ("Congress designed the terms of CAFA specifically to permit a defendant to

15  remove certain class or mass actions into federal court."); *Yocupicio v. PAE Group,*

16  *LLC*, 14-CV-8958, 2014 WL 7405445, at *2 (C.D. Cal. Dec. 29, 2014) ("[T]he rule

17  is different in CAFA cases.  No antiremoval presumption attends cases invoking

18  CAFA.") (internal quotations omitted).

19        Plaintiff here simply ignores the Supreme Court's ruling on CAFA removal.

20  The cases cited by Plaintiff in support of the presumption against removal,

21  including *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992), analyze removal

22  under simple diversity jurisdiction – not CAFA.   *See* Motion at page 2:2-16.  As

23  explained by the Supreme Court, "a defendant's notice of removal [under CAFA]

24  need include only a plausible allegation that the amount in controversy exceeds the

25  jurisdictional threshold." *Dart*, 135 S. Ct. at 554.  Moreover, as a case from this

26  District held in *Roa v. TS Staffing Services, Inc.*, No. 2:14-cv-08424, 2015 U.S.

27  Dist. LEXIS 7442, at *5 (C.D. Cal., Jan. 22, 2015), this standard applies to the

28  entire notice of removal, not just the amount in controversy standard.  *Roa*, 2015

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

U.S. Dist. LEXIS 7442, at *5 ("While *Dart Cherokee* focused only on the amount-in-controversy requirement, the Court finds that the rationale behind *Dart Cherokee* applies equally to other CAFA requirements. The 'short and plain statement' language from § 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.") (emphasis added).

Indeed, Plaintiff's counsel is well aware of the controlling standard. On the same day he filed this Motion, a motion to remand in another case where he is counsel was denied. *See Roa*, 2015 U.S. Dist. LEXIS 7442.[2]  In *Roa*, the case was removed to the Central District of California pursuant to CAFA.  As he did here, the plaintiff moved to remand, objecting to the evidence in support of removal and asking the court to strike it.  *Roa*, 2015 U.S. Dist. LEXIS 7442.  The plaintiff also argued that no proper evidence was submitted and that jurisdiction under CAFA should be denied.  *Id*. at *3.  In denying remand, the court found:

> **If [defendant] was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches, then Roa's attack on the evidence is fallacious**. In light of the "no antiremoval presumption" from *Dart Cherokee*, the Court has no reason to *sua sponte* question [defendant's] allegations. *Dart*, 135 S. Ct. at 554. Furthermore, Roa submitted no independent evidence for the Court to consider.

*Id*. at *4-5 (emphasis added).

Under *Dart* and its progeny, Defendants need only make a plausible allegation that removal is proper.  Even though Defendants were not required to provide any evidence to support removal, they did so.  Plaintiff, in contrast, offers no evidence or proof contesting Defendants' plausible allegations.  On this basis alone, Plaintiff's Motion fails.  As discussed below, Defendants more than meet the

---

[2] Plaintiff's counsel filed the Motion for Remand in this matter at 10:22 p.m. Declaration of Rebecca Jensen ("Jensen Decl."), ¶ 2, Ex. A.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

requirements for removal under *Dart*, and have sufficiently established that CAFA jurisdiction exists.

### B.      The Court Has Original Subject Matter Jurisdiction Under CAFA

#### 1.      Diversity Of Citizenship Exists Between Plaintiff And At Least One Defendant

The Notice of Removal establishes that one defendant – Interstate Hotels & Resorts, Inc. – is not a citizen of California, and therefore is diverse from Plaintiff. Dkt. 1 at 3:19-5:21.  Even though no evidence is required in support of the removal (*see Dart*, 135 S. Ct. at 551-52), Defendants provided competent evidence supporting the allegations of Plaintiff and Interstate Hotels & Resorts, Inc.'s citizenship.  Declarant Erica Hageman testified that Interstate Hotels & Resorts, Inc. is incorporated in Delaware and headquartered in Virginia.  Dkt. 1, Ex. C, ¶ 2. She also testified that Interstate Hotels & Resorts, Inc. is headquartered in Arlington, Virginia where its various executive and administrative functions are performed, including operations, corporate finance, accounting, human resources, marketing, legal, and information systems.  *Id.* at ¶ 3.  Hageman also testified that corporate officers, including the CEO, CFO, and General Counsel all work out of the Virginia headquarters, and that its corporate activities are directed, controlled, and coordinated from there.  *Id.*

Plaintiff first contends that "Defendants' Notice failed to offer any relevant facts or evidence as to Defendants' corporate citizenship."  Mtn. 4:11-14.  This argument fails, because only "minimal diversity" -- not the diversity of all defendants -- is required under CAFA.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus abandons the complete diversity rule for covered class actions.").  The "minimal diversity" required by CAFA may be satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(D)(2)(a); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (so

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

long as "at least one plaintiff is diverse from at least one defendant," minimal diversity is established).

Plaintiff then suggests that somehow Interstate Hotels & Resorts, Inc. might be a California citizen, and thus, not diverse because (1) Yvonne Mills, a "Payroll Supervisor" at the Bonaventure who submitted a declaration in support of the Notice of Removal, works for Interstate in California and has access to Interstate's payroll system; and (2) Interstate operates more than seventy hotels in California, and according to its website, that is more hotels than it operates in other states. Mtn. 5:9-22.  That Mills, a Payroll Supervisor in California, has access to a computer database says nothing about Interstate Hotels & Resorts, Inc.'s citizenship.  Similarly, the number of hotels it operates in California is irrelevant to the question of "where [the] corporation's officers direct, control, and coordinate the corporation's activities," and thus does not impact the analysis of Interstate Hotels & Resorts, Inc.'s corporate citizenship.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192 (2010).  With no supporting evidence, and only argument and conjecture, Plaintiff's argument fails to rebut Defendants' evidence that Interstate Hotels & Resorts, Inc. is a citizen of Delaware and Virginia.

### 2.     **The Number Of Proposed Class Members Is 100 Or Greater**

Defendants' Notice of Removal establishes that at the Bonaventure alone, the putative class size exceeds 1,289 members.  Dkt. 1-4, ¶ 3.  Although it was unnecessary, Defendants even filed a declaration affirming this number.  *Id*.  By contrast, Plaintiff has provided *no evidence* that the putative class consists of fewer than 100 members, nor does he actually argue that the class consists of less than 100 members.  Rather, ignoring *Dart*, he challenges the adequacy of the evidence Defendants submitted in support of the Notice of Removal.[3]   Mtn. 3:17-4:4.

---

[3] Defendants have responded to Plaintiff's objections in its concurrently filed Response to Plaintiff Raymond Unutoa's Objections to and Request to Strike the Declaration of Yvonne Mills.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

1     Plaintiff alleges that the declaration of Yvonne Mills – submitted with

2 Defendants' Notice of Removal – should be disregarded because Mills "lacks

3 personal knowledge and is not competent to testify as to the number of prospective

4 class members involved in this action."  Mtn. 4:2-4.  Contrary to Plaintiff's

5 allegations, Mills' declaration demonstrates she has personal knowledge of the facts

6 she sets forth in her declaration.  Mills, a Payroll Supervisor at the Bonaventure,

7 affirmed: (1) that she is familiar with Interstate's maintenance of personnel records

8 and pay information; (2) that Interstate maintains information about its current and

9 former employees in a database; (3) that she has access to this information

10 regarding current and former Bonaventure employees and reviewed a report

11 identifying non-exempt employees who work or have worked for Interstate at the

12 Bonaventure between November 14, 2010 and December 10, 2014; and (4) that

13 based on the information in this report, at least 1,289 individuals worked for

14 Interstate at the Bonaventure during the relevant time period.  Dkt. 1-4, ¶¶ 1-3.

15 This is more than sufficient to satisfy Defendants' CAFA pleading requirements.

16     Plaintiff then attacks Mills' declaration based on a <u>false</u> allegation that "the

17 report that Mills references is not produced. . . ." Mtn. 3:26-28.  Although certainly

18 not required to do so, Mills' declaration attaches a spreadsheet which identifies the

19 start and end dates of employment and rates of pay for non-exempt employees who

20 work or have worked for Interstate at the Bonaventure between November 14, 2010

21 and December 10, 2014.  Dkt. 1-4, Ex. A.

22     Moreover, even if the Court were to disregard Mills' testimony regarding the

23 more than 1,289 putative class members who worked at <u>one</u> of the more than

24 seventy hotels Interstate operates in California, it is still apparent that the putative

25 class, as defined, would exceed 100 members.  Plaintiff seeks to represent all non-

26 exempt employees at more than seventy hotels across California.  Even if there

27 were only two non-exempt employees who worked at each of the seventy hotels

28 over the past four years, that alone would exceed the threshold.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

### 3.     Defendants Have Made A Plausible Allegation That The Amount In Controversy Exceeds $5,000,000[4]

Under *Dart*, Defendants need only demonstrate that the amount in controversy plausibly exceeds $5,000,000.  Defendants have not only made a plausible allegation of the amount in controversy, but have substantiated it with evidence.

In response, Plaintiff offers no evidence or proof contesting Defendants' amount-in-controversy allegations, as required by *Dart.   See Ibarra v. Manheim Invs., Inc.*, __ F.3d __, 2015 WL 321659, at *1 (9th Cir. Jan. 8, 2015), citing *Dart*, 135 S. Ct. at 554 ("When, as here, 'a defendant's assertion of the amount in controversy is challenged ... both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'").  On this basis alone, Plaintiff's Motion should fail.

Instead, Plaintiff simply challenges two of Defendants' assumptions.  First, Plaintiff contends Defendants improperly assume the average shift length is 8 hours when calculating Plaintiff's claim for waiting time penalties.  Mtn. 6:6-8.  Plaintiff does not, however, allege this assumption is incorrect, nor does he proffer evidence that putative class members work, on average, less than 8 hours per shift, although he was required to do so.  In support of Defendants' Opposition, Mills submits a second declaration in which she affirms – to eliminate any doubt – that based on her review of Interstate's payroll records, the majority of the Bonaventure's non-exempt employees typically work 8 hour shifts.  Mills Decl., ¶ 2.  Second, Defendants estimate that Plaintiff claims he and putative class members were not provided a rest break once per week, and Plaintiff's Motion argues that there is "no evidence in the record, nor is there any allegation in the pleadings, that justifies this

---

[4] Defendants make this representation for purposes of responding to Plaintiff's Motion to Remand only.  Defendants expressly deny that Plaintiff and/or the putative class members are entitled to damages or penalties in any amount, and further deny that this action is suitable for class treatment.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

assumption." Mtn. 6: 12-14. Again, he does not assert that rest break violations occurred less frequently, he just argues that Defendants have not proven that it happened, on average, once per week. Plaintiff's argument also fails because Defendants' Notice of Removal relies extensively on the specific allegations in Plaintiff's Complaint to justify this conservative one rest break per week assumption.[5] Defendants' calculations are based on competent evidence and reasonable assumptions.

Furthermore, a defendant "is not required to comb through its records to identify and calculate the exact frequency of violations. Rather [a defendant] is only required to prove the amount in controversy by a preponderance of the evidence. Where, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions." *Oda v. Gucci America, Inc.*, 2:14-cv-7468, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015) (emphasis added). Because Defendants' calculations are relatively conservative, made in good faith, and based on evidence wherever possible, the amount in controversy is established by a

---

[5] Defendants' Notice of Removal states, in relevant part:

> Plaintiff alleges the hotels Defendants own and operate "*often* hold big events," and "[w]hen these events occur, PLAINTIFF and CLASS MEMBERS are required to work shifts of up to twelve (12) hours straight *without taking a single rest break*." *Id*. at ¶ 28 (emphasis added). Further, even aside from these big events, Plaintiff alleges putative class members are "*generally* so busy that they *often* do not have time to take their rest breaks." *Id*. (emphasis added). Plaintiff also alleges that the "tap on the shoulder" policy applied to rest breaks, which also caused putative class members to miss rest breaks or take them at the end of their shifts. *Id*. ¶ 29. Further, Plaintiff alleges he and putative class members "*regularly* perform work during their rest breaks." *Id*. ¶ 30 (emphasis added). In particular, he alleges they are "required to remain 'on call' even during their rest breaks," are "required to carry a radio," and that he gets calls from his supervisors on his personal cellular phone while he is on rest breaks. *Id*.

Dkt. 1, 15:4-16 (emphasis in original).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

preponderance of evidence.  *See Behrazfar v. Unisys Corp*., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

As shown above, Defendants made reasonable assumptions supported by the evidence in compliance with *Dart*.  Other than argument, Plaintiff has provided no evidence to support his contention that the amount in controversy is not met.  For these reasons, Plaintiff's Motion should be denied.

**C.**    **Plaintiff Has Not Established The Local Controversy Exception**

Plaintiff then seeks to avoid this Court's proper jurisdiction by invoking CAFA's "local controversy" exception, codified at 28 U.S.C. § 1332(d)(4)(A).  The "local controversy" exception requires that Plaintiff establish <u>all</u> of the following: (1) that more than two-thirds of all putative class members are citizens of California; (2) that at least one defendant is a citizen of California from whom significant relief is sought <u>and</u> whose alleged conduct forms a significant basis for the claims asserted by the proposed class; (3) that the principal injuries resulting from the alleged conduct occurred in California; and (4) during the three-year period preceding the filing of this action no other class action has been filed against any of the named defendants asserting the same or similar factual allegations.  28 U.S.C. § 1332(d)(4)(A).  "<u>Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case</u>.'" *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (emphasis added), citing S. Rep. No. 109-14 at 42, U.S.Code Cong. & Admin. News 3, 40; *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) ("[L]ocal controversy exception to CAFA jurisdiction is 'narrow.'") (citations omitted).  The burden of establishing these requirements lies solely with Plaintiff.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").  Plaintiff's failure to establish either one of the first two of these elements in his complaint and motion defeats his "local controversy" argument.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

1.  **Plaintiff Fails to Establish that At Least Two-thirds of the Putative Class Members are Citizens of California.**

To satisfy the local controversy exception, Plaintiff must establish that at least two-thirds of the putative class members are citizens of California.  28 U.S.C. § 1332(d)(4)(A)(i)(I).  With no evidentiary support in his Motion, Plaintiff asserts that the putative class members are "residents" of California; he does not even allege, much less prove, that they are "citizens" of California, as he is required to prove under the local controversy exception.[6]  Mtn. 8:1-3; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency").  Indeed, the Complaint is not limited to current California citizens or even current employees residing in California; the Complaint claims to cover all current and former employees who worked for Defendants in California during the prior four years, regardless of current citizenship.  Compl. ¶5.

Past employment and residency do not establish current citizenship in California at the time of removal.  *See Baker v. GE Retail Sales Fin. Inc.*, No. C 10-5261, 2011 WL 9352058, at *4 (N.D. Cal. Sept. 30, 2011) (failed to carry burden demonstrating local controversy exception applies where no evidence was proffered regarding the intent of putative class to remain in California).  Even employment and mailing addresses are but two of the relevant factors.  *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826 (D. Nev. 1988) (plaintiff worked in Nevada but was domiciled in California).  Without evidence or any

---

[6] "To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857 (citations omitted). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citations omitted).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

other support, the Court should not infer that two-thirds of the putative class is citizens of California.  This alone provides grounds to deny Plaintiff's motion.

### 2.   Plaintiff  Does Not Seek "Significant Relief" From Today's IV, Inc. or Peter Zen

Even if Plaintiff had established that at least two-thirds of the putative class members are citizens of California, which he has not, his attempts to invoke the local controversy exception fail because he does not seek "significant relief" from Defendants Today's IV or Zen.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa).  Although CAFA itself does not define "significant relief," district courts, including those in this District, have relied on legislative history to define the contours of this requirement.  *See, e.g., Coleman v. Estes Express Lines, Inc.* (*Coleman I*), 730 F. Supp. 2d 1141, 1153-57 (C.D. Cal. 2010); *Kearns v. Ford Motor Co.*, No. CV 05-5644, 2005 WL 3967998, at *3-4 (C.D. Cal. Nov. 21, 2005).  The Senate Committee that wrote the exception required one "real" defendant be local.  *See Coleman v. Estes Express Lines, Inc.* (*Coleman II*), 631 F.3d 1010, 1018 (9th Cir. 2011) (citing S. Rep. No. 109-14, at 29 (2005)).  Courts in the Ninth Circuit have held that significant relief is not sought against a local defendant where only a subset of the putative class is harmed by that defendant.  *See, e.g.*, *Kearns*, 2005 WL 3967998.  Stated otherwise, significant relief refers to instances "where the relief sought against a particular defendant is a significant portion of the total relief sought by the whole class." *Waters v. Advent Prod. Dev., Inc.,* No. 07CV2089, 2008 WL 7683231, at *5 (S.D. Cal. June 26, 2008).

A defendant who has only had contact with "some" members of the putative class is not an entity against whom a plaintiff seeks significant relief.  In *Kearns v. Ford Motor Co.*, 2005 WL 3967998, for example, the plaintiff filed a class action against Ford and a California Ford dealership and moved to remand under the local controversy exception, *Id*. at *1, arguing that he sought significant relief against

1  the California dealer. In discussing the "significant relief" requirement, the court

2  cited to the Senate Committee Report:

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. **He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole.** Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself.

9  *Id*. at *10, citing S. Rep. No. 109-14 at 40 (emphasis added).  The court found that

10  the local Ford dealership was similarly not a defendant from whom significant

11  relief was sought because the local dealership only sold cars to a fraction of the

12  class. *Id*. at *10.

13        Here, "significant relief" is not sought against Today's IV or Zen because

14  Plaintiff seeks to represent employees who worked at more than seventy properties

15  in California, and yet he alleges Today's IV and Zen are tied to only one of the

16  seventy.  Mtn. 9:21-25; Compl., ¶ 8 (Today's IV is "engaged in an agreement with

17  INTERSTATE HOTELS & RESORTS and INTERSTATE HOTELS to manage

18  the Westin Bonaventure Hotel & Suites").   Because Today's IV and Zen are

19  alleged to be involved, if at all, with only a subset of the putative class, significant

20  relief is not sought against them. *See Coleman II*, 631 F.3d at 1018.  As a result,

21  Plaintiff fails to sustain his burden that he seeks significant relief from the local

22  defendants in this matter.

23                3.    **The Conduct of Today's IV, Inc. or Peter Zen Does Not**

24                    **Constitute a "Significant Basis" for the Claims in This Action.**

25

26        CAFA also requires Plaintiff to prove from the face of his pleading that a

27  local defendant's "alleged conduct forms a significant basis for the claims asserted

28  by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb).  "[A]

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

1    defendant's conduct forms a 'significant basis' of the plaintiff class' claim when it

2    represents a large part of the claim."  *Irish v. BNSF Ry. Co*., No. 08-CV-469, 2009

3    WL 276519, at *14 (W.D. Wis. Feb. 4, 2009).  "Significant basis" requires a

4    comparative analysis; courts compare the alleged role played by the local defendant

5    with the roles of the diverse co-defendants.  *Coleman I*, 730 F. Supp. 2d at 1157.

6    The alleged conduct of the local defendant must be an "important" ground for the

7    asserted claim in "view of the alleged conduct of all the [d]efendants."  *Id.* (quoting

8    *Kaufman v. Allstate New Jersey Ins. Co*., 561 F.3d 144, 157 (3d Cir. 2009)).

9         As in its analysis of the significant relief prong, the court in *Kearns* turned to

10   the same insurance example referenced in the legislative history to interpret the

11   term "significant basis."  In relevant part, the Committee Report provides:

12              Similarly, the agent presumably would not be a person
              whose alleged conduct forms a significant basis for the
13              claims asserted. At most, that agent would have been an
              isolated role player in the alleged scheme implemented by
14              the insurance company.

15   *Kearns*, 2005 WL 3967998, at *11, citing S. Rep. No. 109-14. at 40.  The court

16   found that Ford's actions, as a manufacturer and developer, were at the very heart

17   of the alleged claims and related to most class members.  *Id.*  In contrast, the Ford

18   dealership, like the agent, did not play a significant role in the program, and its

19   conduct did not affect most of the class.  *Id.*

20        While Plaintiff here argues that Today's IV and Zen's conduct forms a

21   "significant basis" for the class members' claims because they were Plaintiff's joint

22   employer, both his Complaint and his belated contentions in the Motion show

23   otherwise.  First, Plaintiff's Complaint alleges that Today's IV is "engaged in an

24   agreement with INTERSTATE HOTELS & RESORTS and INTERSTATE

25   HOTELS *to manage the Westin Bonaventure Hotel & Suites*." Compl., ¶ 8

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

1   (emphasis added).[7]  Second, the Motion states "Plaintiff is informed and believes

2   that Interstate is involved in contractual management agreements – where both

3   parties to the contract retain joint control over the hotel employees – with other

4   California residents and corporations, as is the case with Interstate and Today's IV,

5   Inc. and Peter Zen."  Mtn. 9:17-21.  He further alleges that "this putative class

6   action involves California wage and hour claims against a series of California

7   business entities all of whom are jointly liable with Interstate."  *Id*. at 9:21-22

8   (emphasis added); *see also* Compl., ¶¶ 11-12.

9        Plaintiff has pled no facts regarding these other hypothetical entities that are

10  allegedly engaged in management agreements with Interstate, nor any facts

11  establishing their citizenship.  *See* Mtn. at 9, FN 2.  Significantly, the court in

12  *Kearns*, rejected a similar argument where plaintiffs argued that the conduct of the

13  Ford dealers (including the other California Doe defendants) as a group formed a

14  significant basis for their claims.  *Id.*  Because there was only one named dealer, the

15  court considered the alleged conduct of only the single local dealer named in the

16  suit. *Id.*

17       Because Today's IV and Zen allegedly entered into only one of a "series" of

18  more than seventy "contractual management agreements," their conduct cannot

19  play a significant role in all or most of the putative class members' claims.  As in

20

21  _____

22  [7] It appears that Plaintiff, or at least his counsel, do not believe that the conduct of
    Today's IV and Zen form a significant basis for the claims alleged.  On January 22,
23  2015, counsel for Defendants called counsel for Plaintiff to inquire whether
    Plaintiff would agree to dismiss Today's IV and Zen without prejudice because
24  they were not Plaintiff or any other putative class member's employer. Jensen
    Decl., ¶2.  Later that evening, Plaintiff filed the Motion for Remand. *Id.*  The next
25  day, Plaintiff's counsel sent an email in which he stated, "**in response to your
    proposal we dismiss without prejudice Today's IV and Peter Zen, we will**
26  **consider doing so, but obviously could not do so until after the Court rules on
    the remand motion**." *Id.* ¶3, Ex. B (emphasis added).  Counsel is hardly
27  concealing its efforts to hold Today's IV and Zen hostage while attempting to
    defeat CAFA jurisdiction.
28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

*Kearns*, Plaintiff has not met his burden to show Today's IV and Zen's conduct forms a significant basis for his claims.

## IV.   **CONCLUSION**

Because the CAFA requirements are satisfied and Plaintiff has failed to meet his burden of establishing an exception under CAFA, the removal of this action to the above-captioned Court was proper.  Accordingly, Defendants respectfully requests that this Court deny Plaintiff's Motion to Remand in its entirety.

Dated:     February 9, 2015

MORGAN, LEWIS & BOCKIUS LLP


By   /s/ Rebecca Licht Jensen
Carrie A. Gonell
Jason S. Mills
Kathryn T. McGuigan
Rebecca L. Jensen
Attorneys for Defendants
INTERSTATE HOTELS & RESORTS,
INC., INTERSTATE HOTELS, LLC,
TODAY'S IV, INC., and PETER ZEN

DB2/ 25739876.2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND