```
                    FILED
           CLERK, U.S. DISTRICT COURT

                 Aug 23, 2016

         CENTRAL DISTRICT OF CALIFORNIA
         BY:      PMC         DEPUTY
```

**JS-6**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND UNUTOA, an individual, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  vs.<br><br>INTERSTATE HOTELS & RESORTS, INC., a corporation; INTERSTATE HOTELS, LLC, a limited liability company; TODAY'S IV, INC., a California corporation; PETER ZEN, an individual; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 2:14-cv-09809-SVW-PJW<br><br>**FINAL ORDER AND JUDGMENT** |

///
///
///
///
///
///
///
///

1  Having considered all papers filed in connection with the Final Approval Hearing, including Plaintiff Raymond Unutoa's ("Plaintiff") Motion for Final Approval of Class Action Settlement (Dkt. _) and Motion for Attorneys' Fees and Costs (Dkt. 52), and any oral argument made at the Final Approval Hearing, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Order and Judgment ("Judgment"), adopts all defined terms as set forth in the Stipulation filed in this Action.

2. The Court has jurisdiction over all claims asserted in the Action, Plaintiff, the Class Members, and defendants Interstate Hotels & Resorts, Inc. and Interstate Hotels, LLC ("Defendants").

3. The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate and reasonable to all Class Members.  Any objections which were submitted, timely or otherwise, have been considered and are overruled.  Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

### Class Certification

4. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Federal Rules of Civil Procedure, Rule 23, in that: (1) the Class is so numerous that joinder of all members is impractical; (2) there are questions of law and fact that are common to the Class which predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and his counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  For purposes of effectuating the Settlement, the Court finally certifies the following Class:

Plaintiff and all other employees of Defendants who work or have worked for Defendants as non-exempt employees in California at the Westin Bonaventure Hotel, located at 404 South Figueroa Street, Los Angeles, California 90071, at any time during the period from November 14, 2010 through March 15, 2016.

5. The certification of the Class is without prejudice to Plaintiff's and Defendants' rights under the Stipulation if the Stipulation and this Judgment do not become effective, as provided in the Stipulation.

6. In its Preliminary Approval Order, the Court conditionally approved Plaintiff Raymond Unutoa as the class representative. The Court appoints Plaintiff Raymond Unutoa as the class representative.

7. In its Preliminary Approval Order, the Court conditionally approved Matthew J. Matern and Launa Adolph of Matern Law Group, PC as Class Counsel. The Court appoints Mr. Matern and Ms. Adolph as Class Counsel.

### Class Notice

8. Notice to Class Members, as set forth in the Stipulation, has been completed in conformity with the terms of the Stipulation and Preliminary Approval Order as to all Class Members who could be identified through reasonable effort. The Court finds that said notice was the best notice practicable under the circumstances. The Notice Packets provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Notice Packets fully satisfied the requirements of due process.

### Objections and Requests for Exclusion

9. ___ objections to the Settlement were filed by Class Members in accordance with the requirements set forth in the Stipulation and Class Notice. The Court has considered each of these objections and overrules each of them. None of

the objections raise valid concerns about the Stipulation, the Motion for Final Approval of Class Action Settlement, or the Motion for Attorneys' Fees and Costs.

10. The Court finds that the following Class Member(s) submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Stipulation:  Deysi Abrego.

## Release of Claims and Injunction

11. Plaintiff and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims as defined by the Stipulation.

12. Plaintiff and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, are hereby enjoined from filing or prosecuting any other cases, claims, suits or administrative proceedings (including filing claims with the Division of Labor Standards Enforcement of the California Department of Industrial Relations) involving Released Claims.

## Payments Pursuant to the Stipulation

13. The Court finds that the Maximum Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Individual Settlement Payment are fair and reasonable, and authorizes the Settlement Administrator to pay the Individual Settlement Payments to the Class Members in accordance with the terms of the Stipulation.

14. If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the Individual Settlement Payment check, without the need to include interest, to the California Department of Industrial Relations Unclaimed Wages Fund, with the identity of the Class Member to whom the funds belong.  In such event, the Class Member shall nevertheless remain bound by the Settlement.

15. Class Counsel shall be paid $_____ as their attorneys' fees and $_____ for reimbursement of costs and expenses from the Maximum Settlement Amount in accordance with the terms of the Stipulation. The Court finds these amounts to be fair and reasonable and sufficiently supported.

16. Plaintiff shall be paid a Class Representative Service Award in the amount of $_____ from the Maximum Settlement Amount in accordance with the terms of the Stipulation. The Court finds this amount of be fair and reasonable and sufficiently supported.

17. The Settlement Administrator shall be paid $18,000.00 from the Maximum Settlement Amount for the costs and expenses of administering the Settlement.

18. Fifteen Thousand Dollars from the Maximum Settlement Amount shall be allocated to penalties under The Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.*, of which $11,250.00 shall be paid by the Settlement Administrator directly to the California Labor and Workforce Development Agency. The remaining $3,750.00 shall be part of the Net Settlement Amount and shall be distributed to Participating Class Members as part of their Individual Settlement Payments.

### Other Provisions

19. The Parties shall implement the Settlement according to its terms.

20. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiff, the Class Members, and Defendants for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

21. The Court hereby enters judgment for Plaintiff and the Class Members in accordance with the terms of the Stipulation, and this order is a final and appealable order.

22.     If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

**IT IS SO ORDERED.**

DATED: __August 23__, 2016

_/s/ Stephen V. Wilson_
HON. STEPHEN V. WILSON
U.S. DISTRICT COURT JUDGE